531 A.2d 1178

Carmen Lopez Cruz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 27, 1987, to Judges MAC-PHIAL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Carmen Lopez Cruz,* petitioner, for herself.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 7, 1987:

Claimant Carmen Cruz appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying her benefits under Section 402(b) of the Unemployment Compensation Law (Law),[1] 43 P.S. §802(b), and assessing a fault overpayment pursuant to Section 804(a) of the Law, 43 P.S. §874(a). We affirm in part and reverse in part.

Claimant worked as a sewing machine operator for Chelle Sportswear (Employer) until December 11, 1985. As found by the referee, Claimant voluntarily terminated her employment on that date to move home to Puerto Rico with her disabled husband. Claimant received unemployment compensation benefits for the week ending January 11, 1986 in the amount of $76.

On February 26, 1986, a Notice of Determination of Overpayment of Benefits was sent to Claimant informing her that she was ineligible for benefits based on her voluntary quit and that she must repay the $76 due to the fact that she had indicated "lack of work" on her claim form as the reason for her termination.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

Claimant appealed the determination, and a telephonic hearing was held on April 4, 1986. The referee subsequently affirmed the determination, concluding that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature under Section 402(b), and that she received a fault overpayment subject to repayment under Section 804(a). The Board affirmed the referee's decision and Claimant now appeals to this Court.

On appeal, Claimant argues that the referee erroneously denied her benefits because she left her employment due to lack of work and not voluntarily. In so arguing, Claimant relies on a "To whom it may concern" letter[2] from her Employer which states: "I laid Carmen M. Cruz off, as at the time I did not have to [sic] much work. I forgot to tell my payroll clerk and she filled out the papers that she quit." Unfortunately, this letter was never made a part of the record below but is merely attached to Claimant's brief for our review. We are, therefore, unable to consider the document in our disposition of Claimant's appeal. Pa. R.A.P. 1921.

We are, furthermore, unpersuaded by Claimant's argument that the failure of the Office of Employment Security to conduct an investigation to obtain evidence of her reason for termination deprives her of due process of law. *Claimant* bears the burden of proving the right to compensation and if she asserts that her separation was not due to a voluntary termination, she bears the burden of proving that as well. *Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

In the case at bar, Claimant could have presented her Employer's testimony concerning lack of work or at

---

[2] The letter, dated June 25, 1986, was written after Claimant's hearing, the referee's decision, and the Board order.

least obtained a letter such as that attached to her brief prior to the referee's hearing. The referee's finding that Claimant voluntarily terminated her employment was based on the evidence before him. As this evidence was substantial, we will affirm his conclusion that Claimant is ineligible for benefits under Section 402(b).

Concluding as we do that Claimant is ineligible for benefits, we must determine whether she is liable to repay the $76 fault overpayment imposed by the referee. Under Section 804(a) of the Law, a claimant who receives compensation to which she is not entitled, by her fault, is liable to repay the amount she received. "Fault," within the meaning of Section 804(a), has been defined as "an act to which blame, censure, impropriety, shortcoming or culpability attaches. . . ." *Smith v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 511, 517, 500 A.2d 186, 189 (1985).

In this case, we discern no such culpable conduct on the part of the Claimant. Even though it is undisputed that she moved back to Puerto Rico when she left her job, it appears from the hearing transcript that Claimant believed she could terminate her employment when she did because it was a "slow" season. *See* Notes of Testimony at 3. Claimant apparently concluded, therefore, that her separation was due to lack of work. We will not fault Claimant for this confusion, which was possibly due to a communication problem. Considering Claimant's *pro se* status and the fact that her hearing was conducted via an overseas telephone call, we cannot conclude that Claimant was overpaid the $76 in benefits as a result of her own fault. We find, therefore, that the $76 is a *non-fault* overpayment, subject to repayment under the provisions of Section 804(b) of the Law.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned proceeding is affirmed as to the denial of benefits and reversed as to the imposition of the fault overpayment.