543 A.2d 209

Lynn Greenawalt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 11, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Frederick M. Stanczak,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, June 13, 1988:

Claimant, Lynn Greenawalt, appeals from a March 2, 1987 decision of the Unemployment ·Compensation Board of Review (Board) which affirmed the referee's determination that Claimant was ineligible for benefits under Section 401 as defined in 4(u) and Section 401(c) of the Pennsylvania Unemployment Compensation Law (Law).[1] The Board determined that Claimant received a fault overpayment of $828.00 subject to recoupment under Section 804(a) of the Law.[2] We reverse in part the Board's decision.

Claimant filed an application for benefits with an effective date of June 9, 1985. The Office of Employment Security (OES) initially determined Claimant to be eligible for benefits but after receiving reports of Claimant's part-time earnings, the OES issued a determination that Claimant was ineligible for benefits for certain compensable weeks and imposed a fault overpayment.

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801, 801(c). Section 401 provides that compensation shall be payable to any employee who is or becomes unemployed and who, according to Section 401(c), has made a valid application for benefits in the proper manner and form prescribed by the Department.

[2] *See* 43 P.S. §874(a) which provides that any person who by reason of his/her fault has received compensation to which such person is not entitled, shall be liable for repayment pursuant to provisions of this section.

On appeal by Claimant, the referee affirmed the OES determination. The Board affirmed the referee, and upon reconsideration of its decision, issued a decision and order on March 2, 1987 again affirming the referee.

Claimant was employed part-time in November 1985 by Home Health Help, Inc.[3] Claimant's reported wages as a private duty nurse for weeks ending June 15, 1985 through December 28, 1985 were $56.00 per week, except for the week ending December 28 which were $27.52. The Board found that Claimant earned additional income during the weeks ending November 9, 1985 through December 28, 1985 and that she was absent from work the week ending December 7, 1985 and could have earned an additional $91.00 in wages as employment was available to her. Home Health Help, Inc. completed Claimant's earnings reports which Claimant was required to deliver to OES. The Board found that Claimant's correct earnings for the weeks ending November 9, 1985 through December 28, 1985 were greater than the reported earnings and, as a consequence, Claimant received an $828.00 overpayment of benefits through her own fault.

This Court's scope of review in unemployment compensation cases is to determine whether any constitutional rights have been violated; an error of law was committed; or findings of fact were not supported by substantial evidence of record. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Substantial evidence has been defined as relevant evidence upon which a reasonable

---

[3]Claimant was also employed part-time with Sycamore Manor which reported Claimant's earnings directly to OES. The income received from Sycamore is not at issue in this appeal.

mind could base a conclusion. *Johnson v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 24, 502 A.2d 738 (1986).

Claimant argues that the Board's fault overpayment decision is not supported by substantial evidence of record. The Board found that Claimant's corrected earnings should have been reported to OES and that Claimant failed to present a reasonable explanation for the discrepancy in earnings. With respect to available work during the week ending December 7, 1985, the Board noted that Claimant failed to present a written contract to substantiate any agreement with her employer to work every other weekend and that she had in fact worked every weekend prior to the week ending December 7, 1985. Based upon this reasoning, the Board concluded that Claimant received the overpayment of benefits through her own fault.

The record is devoid of any findings which prove Claimant's fault in the reporting of income. To find a discrepancy between the originally reported earnings and the corrected earnings without more is insufficient to support the Board's conclusion of fault. To find fault, the Board must make some findings with regard to Claimant's state of mind. *Maiorana v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 614, 453 A.2d 747 (1982). " 'Fault,' within the meaning of Section 804(a), has been defined as 'an act to which blame, censure, impropriety, shortcoming or culpability attaches. ...' " *Cruz v. Unemployment Compensation Board of Review,* 110 Pa. Commonwealth Ct. 117, 120, 531 A.2d 1178, 1180 (1987). Conduct designed improperly and intentionally to mislead OES is sufficient to establish a fault overpayment. *Summers v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981).

Claimant testified that her employer prepared the wage report records which were submitted to OES by Claimant; and that upon receiving notice of an overpayment, she contacted OES and discovered that the records prepared by her employer had been destroyed. OES presented no witnesses at the hearing. Claimant does not dispute that an overpayment of benefits did occur, but challenges the Board's decision that the overpayment was due to Claimant's fault. The record thus lacks substantial evidence to support the Board's finding that Claimant received an overpayment of benefits through her own fault.

Finally, Claimant argues that the evidence does not support the Board's finding that she was absent from available work the week ending December 7, 1985 and that she could have earned an additional $91.00 in wages. Considering the record as a whole, substantial evidence does exist to support this finding of the Board. Since Claimant worked every weekend during the period in question, it was reasonable to assume that work was available during the weekend of December 7. Claimant's argument in this regard is therefore rejected.

Accordingly, the Board's decision as to the denial of benefits is affirmed, and reversed as to the finding of fault by Claimant. This Court finds the $828.00 overpayment to be a non-fault overpayment subject to recoupment under provisions of Section 804(b)[4] of the Law which govern recoupment of non-fault overpayments.

### ORDER

AND NOW, this 13th day of June, 1988, the decision of the Unemployment Compensation Board of Review is affirmed as to the denial of benefits, and reversed as to the finding of fault by Claimant and imposition of the fault overpayment.

---

[4] 43 P.S. §874(b).