IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Crystal R. King, : 
             Petitioner : 
                               : 
         v. :   No. 1432 C.D. 2016
                               :   Submitted: January 20, 2017
Unemployment Compensation Board : 
of Review, : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: March 30, 2017

          Crystal King (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that affirmed a Referee's decision that Claimant was ineligible for the unemployment compensation benefits she collected and, thus, liable for a fault overpayment under Section 804(a) of the Unemployment Compensation Law (Law).[1] Claimant contends that her restitution obligation should be governed by Section 804(b) of the Law, 43 P.S. §874(b), which addresses non-fault overpayments. We affirm the Board's decision.

          Claimant worked full-time at Eagleville Hospital and part-time as a caretaker for her mother. Following her separation from Eagleville, Claimant submitted an online application for unemployment compensation benefits in August 2015. On September 15, 2015, the Department of Labor and Industry

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(a).

(Department) mailed Claimant an unemployment compensation handbook, which stated:

> Notify the UC service center immediately if you return to work .... When you are filing biweekly claims for weeks when you worked part time, report the gross (pre-deduction) amount you earned with all employers during the week, even if you were paid in a different week.

Board Adjudication (07/25/2016) at 1, Finding of Fact No. 2-3. For each week ending September 5, 2015, to March 5, 2016, Claimant filed claims for benefits stating that she had not worked at all during the relevant time period, even though she had been working part-time for her mother. Claimant received $14,846 in benefits for the claim weeks ending September 12, 2015, to March 5, 2016.

In May 2016, the UC Service Center issued three Notices of Determination. The first notice determined that Claimant was ineligible for the benefits she received under Section 401(c) of the Law, 43 P.S. §801(c).[2] The second notice established a $14,846 fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a). The third notice imposed a $2,226.90 penalty under Section 801(c) of the Law, 43 P.S. §871(c). Claimant appealed, and a hearing was held before the Referee. Claimant appeared *pro se* and was the only participant.

Claimant testified that at the time of her initial application in August 2015, she contacted the Department to inquire as to whether she had to disclose the part-time work she was doing for her mother. Claimant testified that an unidentified Department employee informed her that she did not need to report her part-time employment.

---

[2] Section 401(c) of the Law requires a claimant to make a claim for compensation "in the proper manner and on the form prescribed by the department." 43 P.S. §801(c).

Following the hearing, the Referee issued a decision affirming the UC Service Center's determinations. Claimant appealed to the Board, which rejected Claimant's testimony as not credible and affirmed the Referee's decision. Claimant now petitions for this Court's review.

On appeal,[3] Claimant raises one issue.[4] Claimant argues that the Board erred in finding her liable for a fault overpayment pursuant to Section 804(a) of the Law because her testimony demonstrated that she was not at fault for the overpayment of benefits. Claimant asserts that the overpayment should be classified as non-fault under Section 804(b) of the Law.

Section 804 of the Law distinguishes between claimants who receive an overpayment through no fault of their own and claimants whose "fault" caused the overpayment. Section 804(a) of the Law, which addresses fault overpayments, states, in relevant part, as follows:

> *Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled*, *shall* be liable to *repay* to the Unemployment Compensation Fund to the credit of the Compensation Account *a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue* as provided by section 806 of the act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code," per month or fraction of a month from fifteen (15) days after the Notice of Overpayment was issued until paid.

43 P.S. §874(a) (emphasis added). In contrast, Section 804(b) of the Law addresses non-fault overpayments. It states, in relevant part, as follows:

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

[4] Claimant does not challenge her eligibility for benefits under Section 401(c) of the Law or the penalty imposed under Section 801(c) of the Law.

*Any person who other than by reason of his fault has received* with respect to a benefit year *any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum* but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year….

43 P.S. §874(b) (emphasis added).

Claimant observes that the word "fault," as used in Section 804(a) of the Law, has been construed by this Court to require that the claimant acted in a culpable manner. *Summers v. Unemployment Compensation Board of Review*, 430 A.2d. 1046, 1048 (Pa. Cmwlth. 1981). Claimant asserts that to find fault, the Board must make findings regarding her state of mind when she failed to disclose her part-time work. *Greenwalt v. Unemployment Compensation Board of Review*, 543 A.2d 209, 211 (Pa. Cmwlth. 1988). Claimant contends that her testimony established that her failure to disclose her part-time work was attributable to the incorrect advice of a Department employee. In other words, the Department, not Claimant, was at fault for the overpayments. Claimant's arguments are devoid of merit.

To begin, it is well-established that the Board is responsible for making credibility determinations and "is free to reject the testimony of any witness, even uncontradicted testimony." *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Thus, we will not consider Claimant's challenge to the Board's determination that her testimony was not credible.

We turn, then, to the substantive merits of Claimant's challenge to the Board's holding that Claimant was at fault for the overpayment of $14,846 in benefits. As noted, "the word 'fault' within the meaning of Section 804(a) of the

4

Law connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Castello v. Unemployment Compensation Board of Review*, 86 A.3d 294, 298 (Pa. Cmwlth. 2013) (quotation marks omitted). "[W]here a fair reading of the record establishes that an unemployment compensation claimant withheld information from the [Department] that was material to [her] eligibility the record clearly establishes fault of claimant warranting recoupment of benefits paid to [her] under Section 874(a) of the Law." *Ryan v. Unemployment Compensation Board of Review*, 547 A.2d 1283, 1286 (Pa. Cmwlth. 1988).

The Board found, as fact, that the Department sent Claimant a handbook that directed her to "[n]otify the UC service center immediately if you return to work" ... and to "report the gross (pre-deduction) amount you earned ...." Board Adjudication (07/25/2016) at 1, Finding of Fact No. 2-3. The handbook is not in the certified record. Likewise, nothing in the record supports the Board's finding that the handbook was sent to Claimant on September 15, 2015. The Board has attached the handbook to its brief, but in no way is this attachment a substitute way to put together a record.

However, Claimant does not challenge the factual findings of the Board. Accordingly, we are constrained by them, and they establish that Claimant was advised to report her earnings, and she did not do so.

For these reasons, we affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Crystal R. King,                         :
                    Petitioner           :
                                         :
            v.                           :   No. 1432 C.D. 2016
                                         :
Unemployment Compensation Board          :
of Review,                               :
                    Respondent           :

## O R D E R

AND NOW, this 30th day of March, 2017, the order of the Unemployment Compensation Board of Review dated July 25, 2016, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge