# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jacquelin J. Cumpston, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 849 C.D. 2017 |
| | : | SUBMITTED: February 5, 2018 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                            FILED:  March 12, 2018

Jacquelin J. Cumpston (Claimant) petitions for review of the Unemployment Compensation Board of Review's (Board) May 23, 2017 Order affirming a referee's decision to deny Claimant unemployment compensation (UC) benefits, but modifying the referee's assessment of a "non-fault" overpayment of $3,766 to a "fault" overpayment of $2,520 under Section 804(a) of the Unemployment Compensation Law (Law).[1]  We affirm in part and reverse in part.

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a). Under Section 804(a) of the Law, "[a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled[] shall be liable to repay [such benefits] to the Unemployment Compensation Fund."  43 P.S. § 874(a).

In contrast, the "non-fault" provision of the Law provides:  "Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year,

Claimant worked for Sto-Rox Neighborhood Health Council, Inc. (Employer) as a registered nurse in the obstetrics and gynecology department from August 1992 through December 6, 2016. Bd.'s Finding of Fact (F.F.) No. 1. Claimant initially worked full-time but worked part-time for several years before her separation. On November 22, 2016, Employer notified Claimant that her department was closing and that her position would be eliminated by the end of the day. *Id.* No. 4. On that same date, Employer verbally offered Claimant continued employment in its adult medicine department. *Id.* No. 5. Claimant rejected the offer because she believed that the position would require too much training. *Id.* No. 6. Employer did not discuss with Claimant the offered pay rate or work hours. *Id.* No. 7. Claimant's last day of work was December 6, 2016. *Id.* No. 8.

On December 22, 2016, Claimant notified the Department of Labor and Industry (Department) that Employer had laid her off due to lack of work. *Id.* No. 9. Claimant did not notify the Department that she had refused continued work in a different department. *Id.* No. 10. Claimant filed claims for UC benefits for the weeks ending December 17, 2016 through January 28, 2017 and received $3,766 in benefits. *Id.* No. 11.

On February 8, 2017, the local service center determined that Claimant was ineligible for UC benefits under Section 402(a.1) of the Law[2] because she refused

_____

or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph." 43 P.S. § 874(b)(1).

[2] Added by Act of July 10, 1980, P.L. 521. Section 402(a.1) of the Law provides that an employee is ineligible for UC for any week "[i]n which his unemployment is due to failure to

suitable work to pursue part-time work.  Record (R.) Item No. 5.  Because Claimant received UC benefits to which she was not entitled, the service center also determined that Claimant was liable for a fault overpayment of $3,766.  *Id.*  Finally, the service center found that Claimant knowingly failed to disclose information to the Department to obtain benefits and, therefore, imposed nine penalty weeks and a financial penalty of $564.90 under Sections 801(b) and (c) of the Law, 43 P.S. §§ 871(b) and (c).[3]  *Id.*

Claimant timely appealed to the referee, who held a hearing on March 9, 2017.  Claimant testified that on November 22, 2016, Val Finnell, M.D., informed her that her department was closing and asked if she would be interested in a position in the

---

accept an offer of suitable full-time work in order to pursue seasonal or part-time employment."  43 P.S. § 802(a.1).

[3] At the time of Claimant's application for UC benefits, Section 801(b) of the Law provided for the assessment of penalty weeks as follows:

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act . . . may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week of improper payment. . . .

43 P.S. § 871(b).  Section 801(c) of the Law provides for the assessment of a financial penalty as follows:

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act . . . and as a result receives compensation to which he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to [15%] of the amount of the compensation. . . .

43 P.S. § 871(c).

adult medicine department. Notes of Testimony (N.T.), 3/9/17, at 14. Claimant explained her response as follows:

> I said I have worked in [obstetrics], pre-natal, the whole women's health, everything for 40 years. It would take me a long time or quite a bit of training[] to be reoriented to [the adult medicine] department but that I was extremely proficient in medical lab and that I had been more than happy to help over there . . . .
>                            . . .
> Had we discussed it further to find out, I had already told [Employer] that I was highly proficient in the lab, more than happy to get started over there. I never said no.

*Id.* at 14, 16. Claimant testified that Employer never offered her a specific employment position, nor did it discuss with her the terms or requirements of such a position. *Id.* at 16.

Employer presented the testimony of Dr. Finnell and John Barczynski, M.D., who was also present during the November 22, 2016 discussion with Claimant. Dr. Finnell testified that he offered Claimant a position in the adult medicine department, but she rejected the offer because the position would require too much training. *Id.* at 8. Although Employer would have provided Claimant with the requisite training, "she was not willing to go into that training." *Id.* at 9. Dr. Barczynski also testified that Dr. Finnell offered Claimant a position in adult medicine, but "[t]he conversation kind of ended after that offer was made [because] there was no interest." *Id.* at 12.

4

The referee determined that Claimant had refused suitable work and was ineligible for UC benefits under Section 402(a) of the Law.[4] Ref.'s Order, 3/13/17, at 3. The referee found that Claimant could have continued to work for Employer in the adult medicine department and that Employer would have provided training, but she refused the offer. *Id.* The referee also concluded that while Claimant had received an overpayment of $3,766, it was a non-fault overpayment because she did not intentionally provide false information or withhold information from the Department when she applied for benefits. *Id.* at 4. Therefore, the referee affirmed the ineligibility determination, modified the assessment of a fault overpayment to a non-fault overpayment of $3,766, and reversed the penalty determination.

Claimant timely appealed to the Board. Without taking any additional evidence, the Board affirmed the referee's determination that Claimant was ineligible for UC benefits. Based on the record, however, the Board concluded that Claimant was liable for a fault overpayment of $2,520 under Section 804(a) of the Law.[5]

The Board first determined that Claimant's separation was governed by Section 402(b) of the Law, not Section 402(a). Bd.'s Order, 5/23/17, at 2. Section 402(b) provides that an employee is ineligible for UC for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b); *see Hosp. Serv. Ass'n of Northeastern Pa. v.*

---

[4] Section 402(a) of the Law provides that an employee is ineligible for UC for any week "[i]n which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the [D]epartment may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer." 43 P.S. § 802(a).

[5] While this overpayment amount differed from the amount found by the referee, on appeal, Claimant does not contest the amount of the overpayment, only the Board's finding of fault. As such, we will not address this discrepancy.

*Unemployment Comp. Bd. of Review*, 476 A.2d 516, 518 (Pa. Cmwlth. 1984) (holding that Section 402(a) of the Law, denying eligibility to claimants who turn down offer of suitable work, applies only to claimants who, while unemployed, refuse offer of suitable work; claimants who, while employed, refuse to accept offer of continued employment are deemed to have quit and, thus, are subject to Section 402(b)). Despite the referee's reliance on Section 402(a), however, the Board stated that a remand was unnecessary because the burdens of proof are essentially the same under either section. Bd.'s Order, 5/23/17, at 2.

Applying Section 402(b), the Board concluded that Claimant voluntarily quit her employment because she did not want to undergo additional training to work in the adult medicine department. *Id.* at 3. The Board concluded that because Employer's change in employment terms was not substantial[6] and Claimant never attempted the offered job to determine its suitability, she failed to establish a necessitous and compelling reason to quit. *Id.* Thus, the Board determined that Claimant was ineligible for benefits. *Id.* at 4.

Next, the Board concluded that Claimant had received a fault overpayment of $2,520. *Id.* at 3. Although the Board found that Claimant did not knowingly make a false statement to the Department, it concluded that she was at fault for the overpayment because when she notified the Department of her separation, she failed to disclose Employer's offer of continued employment and her refusal. *Id.* Therefore, the Board modified the referee's assessment of a non-fault overpayment

---

[6] The referee did not address a change in employment terms. The referee found that Claimant refused suitable work under Section 402(a), whereas the Board found that she quit without a necessitous and compelling reason under Section 402(b).

of $3,766 to a fault overpayment of $2,520 but imposed no penalties. *Id.* at 4. Claimant now appeals to this Court.[7]

## ISSUE

On appeal, Claimant does not challenge the Board's conclusion that she is ineligible for UC benefits, only its conclusion that she is liable for a fault overpayment. Specifically, Claimant contends that the Board's finding of fault is unsupported by substantial evidence. We agree.

## ANALYSIS

The term "fault" in Section 804(a) of the Law is defined as "an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Cruz v. Unemployment Comp. Bd. of Review*, 531 A.2d 1178, 1180 (Pa. Cmwlth. 1987). A "blameworthy act requires a showing of the actor's state of mind" and "embodies . . . knowing recklessness or gross negligence." *Fugh v. Unemployment Comp. Bd. of Review*, 153 A.3d 1169, 1176 (Pa. Cmwlth. 2017) (*en banc*). Thus, "[t]o find 'fault' [under Section 804(a)], the Board must make findings regarding a claimant's state of mind." *Id.* at 1174.

Our Court has explained that a finding of fault "requires conduct 'of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.'" *Id.* at 1176 (citation omitted). "Conduct designed improperly and intentionally to mislead [the Department] is

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

7

sufficient to establish a fault overpayment." *Greenawalt v. Unemployment Comp. Bd. of Review*, 543 A.2d 209, 211 (Pa. Cmwlth. 1988). However, where the claimant's failure to provide information is due to negligence, mistake, or confusion, he or she cannot be held liable for a fault overpayment under Section 804(a). *Cruz*, 531 A.2d at 1180.

Here, the Board made no factual findings regarding Claimant's state of mind; it merely found that she "did not disclose that she refused continued work in a different department." Bd.'s F.F. No. 10; *see* Bd.'s Order, 5/23/17, at 3 (concluding that Claimant was at fault for overpayment because she "withheld her offer of continued employment" from Department). This finding, however, is belied by the record. Although Claimant testified that she did not believe she was offered a job, the record establishes that she did, in fact, notify the Department of her discussion with Dr. Finnell regarding a position in the adult medicine department. In response to the questions regarding continued employment on the Department's "Claimant Questionnaire," Claimant wrote:

> On . . . 11-22-16 I was asked by Val Finnell, MD if I had any interest in the Medical Dept. I answered him I was currently assisting in that Dept. [on] an as needed basis – mostly in the lab and I would need orientation to the Med[ical] Dept. He did not offer an interview for a specific position, he did not offer an evaluation to determine my qualifications for any position.

R. Item No. 2 at 2. Claimant also testified to these facts at the hearing. *See* N.T., 3/9/17, at 14. Neither the referee nor the Board discredited that portion of Claimant's testimony.[8] We conclude that the Board's finding that Claimant withheld

---

[8] Based on its factual findings, the Board appears to have discredited only Claimant's testimony that she did not *subjectively* believe that she was offered, or refused, a position absent a written job offer. *See* Bd.'s F.F. Nos. 5-6.

the offer of continued employment from the Department is unsupported by substantial evidence.

In its appellate brief, the Board asserts that Claimant's failure to disclose the job offer and refusal amounted to "knowing recklessness or gross negligence," even though it made no such findings in its decision. Bd.'s Br. at 11. In light of Claimant's disclosures on the "Claimant Questionnaire," we cannot conclude that she acted with recklessness or gross negligence or intentionally misled the Department. *See Fugh*, 153 A.3d at 1177 (noting that "commission of a mere voluntary act does not establish fault"); *Greenawalt*, 543 A.2d at 211 (reversing Board's finding of fault where record was "devoid of any findings which prove[d] Claimant's fault"). Moreover, in addressing the penalty provisions of Section 801 of the Law, the Board specifically determined that Claimant "did **not** knowingly make a false statement" to the Department when she applied for benefits. Bd.'s Order, 5/23/17, at 3 (emphasis added). Therefore, we conclude that the Board's finding of fault is unsupported by either the record or its own factual findings.

## CONCLUSION

Accordingly, we affirm the Board's finding of ineligibility and reverse its finding of fault.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacquelin J. Cumpston,    :
     Petitioner  :
            :
    v.      : No. 849 C.D. 2017
            :
Unemployment Compensation :
Board of Review,     :
     Respondent :

# O R D E R

AND NOW, this 12ᵗʰ day of March, 2018, the order of the Unemployment Compensation Board of Review, dated May 23, 2017, is hereby affirmed in part and reversed in part.

_____
ELLEN CEISLER, Judge