Patricia SWEENEY, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 2013.

Decided Sept. 5, 2013.

Richard Ernsberger, Pittsburgh, for petitioner.

Erin B. Lokhandwala, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge McGINLEY.

Patricia L. Sweeney (Claimant), petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that affirmed the Referee's grant of benefits to Claimant under Section 4001(b) of Public Law 100–252, 26 U.S.C. § 4001(b) note, at a weekly benefit amount of $300.00 and partial benefit credit of $120.00.

The Board made the following relevant findings of fact:

1. The claimant filed a claim for regular unemployment compensation (UC) benefits with an application date of January 17, 2010.

2. Under this initial claim for UC benefits, the claimant received a weekly benefit amount of $300.00 and a partial benefit credit of $120.00.

3. The claimant exhausted regular UC benefits and established an emergency unemployment compensation (EUC) claim with the same weekly benefit amount and partial benefit credit.

4. On January 1, 2012, the claimant filed a new application for regular UC benefits and received a weekly benefit amount of $573.00 and partial benefit credit of $230.00.

5. As of the compensable week ending July 7, 2012, the claimant exhausted regular UC benefits on the claim dated January 1, 2012, and returned to the prior established EUC claim with an application date of January 17, 2010, at the former weekly benefit amount of $300.00 and partial benefit credit of $120.00.

DISCUSSION:

. . . .

Here, the claimant had two benefit years in which she qualified for EUC benefits. For the benefit year beginning January 17, 2010, the claimant received a weekly benefit amount of $300.00. For the benefit year beginning January 17, 2012 the claimant received a weekly benefit amount of $573.00.

The Unemployment Compensation Extension Act of 2010 amended the Supplemental Appropriations Act of 2008 to provide that if a claimant qualified for new regular benefits but the new benefits would be either $100.00 or 25 percent less than the EUC benefits he or she was currently receiving, a state was permitted to defer payment of regular UC benefits until the EUC benefits were exhausted. P.L. 11–205, 124 Stat. 2236 (2010).

Contrary to the claimant's argument on appeal, the 2010 amendment was not applicable here because the claimant's 2012 regular benefit amount was greater than the 2010 EUC benefits she was receiving. Therefore, the claimant must

first exhaust her 2010 EUC claim at a weekly benefit rate of $300.00 and partial benefit credit of $120.00.

The claimant has not established proper cause to support the grant of a remand hearing and/or oral argument before the Board. The claimant's requests for a remand hearing and/or oral argument are denied.

Board's Opinion, December 6, 2012, (Opinion), Findings of Fact Nos. 1–5 and Discussion at 1–3.

■■■■■ On appeal[1], Claimant essentially argues that the Board erroneously applied Unemployment Insurance Program Letter No. 23–08 (UIPL No. 23–08) and approved benefits under Claimant's 2010 EUC Claim rather than her most recent claim with a higher weekly benefit amount.[2]

Claimant argues that the Board erred when it approved benefits under the Emergency Unemployment Compensation Act of 2008 (EUC Act of 2008) based on her previously established 2010 EUC claim at a weekly benefit amount of $300.00 and a partial benefit credit of $120.00, rather than her most recent 2012 claim at a higher weekly benefit amount of $573.00 and a partial benefit credit of $230.00.

Section 4001(d)(1) of the EUC Act of 2008 provides in pertinent part, "the amount of emergency unemployment compensation which shall be payable to any individual for any week of total unemployment shall be equal to the amount of the regular compensation ... payable to such individual during such individual's *benefit year* under the State Law ..." (emphasis added).

Section 4001(d)(2) of Title IV of the EUC Act of 2008 provides that "the terms and conditions of State law which apply to claims for regular compensation and to the payment thereof, shall apply to claims for emergency unemployment compensation and the payment thereof ..."

Section 4(b) of the Unemployment Compensation Law (Law)[3], 43 P.S. § 753, defines "benefit year" as:

... [T]he fifty-two consecutive week period beginning with the day as of which such 'Valid Application for Benefits' is filed, and thereafter the fifty-two consecutive week period beginning with the day as of which such individual next files a 'Valid Application for Benefits' after

---

**1.** This Court's review is limited to determining whether constitutional rights were violated, whether errors of law were committed, and whether findings of fact are supported by substantial evidence. *Beddis v. Unemployment Compensation Board of Review*, 6 A.3d 1053, 1055 n. 2 (Pa.Cmwlth.2010). This Court will review the case in the light most favorable to the party who prevailed before the Board, drawing all logical and reasonable inferences from the testimony in order to determine if substantial evidence exists. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

**2.** Specifically, Claimant raised the following two issues:

  1. Whether the Unemployment Compensation Board of Review [Board] committed an error of law by determining that the

weekly benefit amount paid to claimant cannot be adjusted to [Claimant's] base year amount.

  ....

  2. Whether the Unemployment Compensation Board of Review committed an error of law by determining that the Unemployment Compensation Insurance Letter No. 23–08 [UIPL No. 23–08], [Changes] 1 and 3 provide the claimant must exhaust benefits from any remaining Emergency Unemployment benefit account before clamant [sic] can be paid from its most recent account without addressing the amount payable.

Claimant's Brief at 3.

**3.** Act of December 5, 1936 Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 753.

the termination of his last preceding benefit year.

In the present matter, there are two benefit years—2010 and 2012—at issue. The United States Department of Labor (USDOL) published specific guidelines to determine which EUC benefits are to be paid in cases involving multiple benefit years. UIPL No. 23–08, Changes 1 and 3 provide that a claimant who exhausts benefits from a regular Unemployment Compensation claim must be paid any remaining benefits from a previously established EUC claim before benefits will be paid on an EUC claim resulting from the exhaustion of the most recent regular UC claim. UIPL No. 23–08, Change 3 specifically provides, "[a]s agents of the United States, the states and cooperating state agencies may not deviate from this guidance without the prior approval of the Department." UIPL No. 23–08, Change 3, December 24, 2008 at 1.

Claimant argues that the Board did not state which provisions of Change 1 and Change 3 were applicable and that contrary to the Board's determination, the Unemployment Insurance Program Letter No. 23–08, Change 1 provides that in situations where there are two or more benefit years, the applicable benefit year is the most recent benefit year.

Attachments to the Unemployment Compensation Insurance Letter No. 23–08 provide the following with respect to multiple claims:

**D. Monetary Eligibility**

. . . .

7. Question: May an individual have more than one EUC08[4] claim?

Answer: Yes. An individual may establish a claim for EUC08, qualify for a

new UC Benefit year, exhaust that benefit year, exhaust the first EUC08 claim and subsequently qualify for a second EUC08 claim based on the new (most recent) benefit year.

Appendix B of Respondent's Brief, UIPL No. 23–08, Change 1, August 15, 2008, Part D, Question 7. Question 7 includes the following example:

An individual is determined eligible for EUC08 based on a UC benefit year that ended on May 12, 2007. S/he receives 10 weeks of EUC08 prior to the calendar quarter change, at which point s/he qualifies for a new UC benefit year. Because the individual qualifies for regular UC, EUC08 payments must stop. The individual exhausts benefits based on his/her new UC benefit year; therefore, s/he is again an exhaustee for EUC08 purposes. S/he may collect the remaining entitlement on his/her *existing (first)* EUC08 claim and *after exhausting* these benefits s/he may file a *new (second)* EUC08 claim based on the *new (most recent)* UC benefit year. The new/most recent benefit year is the applicable benefit year for a second EUC08 claim, if the initial claim for that second claim is for a week of unemployment ending on or before March 31, 2009.

*Id.* (emphasis added.)

This issue was addressed again in a later Unemployment Compensation Insurance Letter:

**D. Multiple EUC08 Claims and Order of Payment**

. . . .

2. Question: If there are two EUC claims, which one should be paid the enhanced First–Tier benefits first?

---

4. EUC08 refers to the "Emergency Unemployment Compensation" benefits payable un-    der the EUC Act of 2008.

Answer: The **oldest (first)** EUC claim. Appendix B of Respondent's Brief; Attachment to UIPL No. 23–08, Change 3, December 24, 2008, Part D, Question 2. (emphasis added).

According to the USDOL's updates to UIPL No. 23–08, the oldest EUC benefit year must be paid until it is exhausted before payment will be made on the new benefit year. Attachment to UIPL No. 23–08, Change 5, November 13, 2009, Part F, Question 1.

Here, Claimant's oldest EUC benefit year is 2010. Therefore, the Board properly determined that "Claimant must first exhaust her 2010 EUC claim at a weekly benefit rate of $300.00 and partial benefit credit of $120.00." Opinion at 3.

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 5th day of September, 2013, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.